DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Svetlana Davis, appeals from the Wood County Court of Common Pleas' decision granting her a legal separation from appellee, John J. Davis. For the reasons set forth below, we reverse.
 {¶ 2} No transcript or record of proceedings from the lower court was filed on appeal. Therefore, we are limited to review of the facts contained in the lower court's findings of fact in the Decree of Legal Separation, and the documents submitted as evidence to the lower court. App.R. 9.
 {¶ 3} Appellee, a United States citizen, and appellant, a Ukrainian citizen, met through the internet. After meeting on-line, appellee went to the Ukraine and proposed to appellant. Appellant has custody of her two fifteen-year old sons. Since appellant was engaged, she and her sons obtained visas to enter the United States. The parties were married in Perrysburg, Ohio, on December 28, 1999. Appellee, who legally sponsored appellant and her sons for immigration purposes, was required by the Immigration and Naturalization Act, 8 U.S.C. 1101 et. seq., to execute an Affidavit of Support before appellant entered the United States. The Affidavit of Support is INS Form I-864. The affidavit obligates the sponsor to guarantee support for the sponsored immigrant at a level no less than 125% of the Department of Health and Human Services Poverty Guidelines. Sponsors executing this affidavit must provide proof of their assets and financial ability to meet this obligation.
 {¶ 4} Appellee filed a complaint for divorce and/or annulment, alleging appellant committed fraud. Appellant counterclaimed for legal separation. In granting appellant a legal separation, the trial court found no evidence that appellant committed any fraud. The legal separation was granted on the grounds that appellee had been extremely cruel to appellant.
 {¶ 5} The trial court also weighed the factors pursuant to R.C. 3105.08 for an appropriate amount of spousal support. Spousal support was awarded to appellant, even though the marriage was of short duration. Among other factors, the court found that appellee has significantly higher earnings and abilities than appellant, and appellant has medical difficulties and a language barrier which precludes her from meaningful employment in the near future. Additionally, the trial court applied R.C. 3105.18(C)(1)(n) and found that since appellee was purposefully and voluntarily responsible for bringing appellant to the United States, and that appellee executed "a federal document," obligating him to support appellant, a larger support award was warranted.
 {¶ 6} Although the Affidavit of Support was apparently considered by the trial court in awarding spousal support, the court refused to specifically enforce the Affidavit of Support. The trial court ordered that, "any specific suit or enforcement of the § 213(A) of the Illegal Immigration Reform and Immigrant Responsibility Act, a federal provision, be pursued in an appropriate federal court."
 {¶ 7} Appellant asserts a single assignment of error on appeal:
 {¶ 8} "The trial court failed to enforce the Immigration and Naturalization Act of 1996."
 {¶ 9} In May 2004, appellee filed a motion with this court to supplement the record with the Affidavit of Support. The Affidavit of Support was only considered by the trial court insofar as it was attached as an exhibit to appellant's trial brief. Since no transcripts of.
 {¶ 10} any proceedings were submitted on appeal, we were unable to determine whether the Affidavit of Support was introduced into evidence during any trial court proceedings. SeeBlue Cross of Northeast Ohio v. The Workmen's CompensationService Co. (June 30, 1983), 8th Dist. No. 45452 ("The trial briefs of the parties, and the exhibits attached to the trial briefs, are not evidence"). As such, on July 1, 2004, this court denied appellant's motion. Upon further review of the matter, we sua sponte reconsider our July 1, 2004 decision.
 {¶ 11} It is axiomatic that we may not add matter to the record which was not a part of the trial court's proceedings.State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Nonetheless, we find that the Affidavit of Support was part of the record pursuant to Civ.R. 52. Civ.R. 52 states in relevant part, "* * * those findings of fact and conclusions of law made by the court shall form part of the record." The Affidavit of Support was considered by the trial court, even though not on the record through a transcript demonstrating its introduction into evidence. The trial court specifically referred to the Affidavit of Support in its finding of fact: "Plaintiff executed an affidavit of support under § 213(A) of the Immigration and Naturalization Act at the time of bringing the Defendant and her sons to the United States."
 {¶ 12} A finding of fact that specifically refers to a document, not apparently introduced as part of the record through another rule or transcript, demonstrates that the document was before the trial court. Blevins v. Sorrell (1990),68 Ohio App.3d 665, 672.
 {¶ 13} Therefore, we may properly review assignments of error and arguments raised in relation to the document. "A trial court ruling which recites various facts and a legal conclusion satisfies the requirements of Civ.R. 52 where, when considered in conjunction with other parts of the trial record, an adequate basis exists upon which the appellate court may conduct its review. Stone v. Davis (1981), 66 Ohio St.2d 74, 85 * * *." Id. Insofar as the affidavit was already part of the record, it was unnecessary to "supplement" the record with it. Accordingly, we find that our July 1, 2004 decision was correctly decided, albeit for reasons other than those stated.
 {¶ 14} We now consider the merit of the appeal. The Affidavit of Support, INS Form I-864, is a legally binding contract. "Because the I-864 and any I-864A is a legally binding contract, sponsors should take care in its execution." 5-63 Immigration Law and Procedure, 63.05. Historically, the Affidavit of Support was used by the INS to ensure that immigrants would not become dependent on public assistance for financial support. See generally, Michael Sheridan, The New Affidavit of Support and other 1996 Amendments to Immigration and Welfare Provisions Designed to Prevent Aliens From Becoming Public Charges, 31 Creighton L. Rev. 741 (1998). The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 8 U.S.C. 1181 et seq., mandates use of the Affidavit of Support whenever an immigrant may become dependent on federal means-tested benefits.
 {¶ 15} Regulations promulgated under the IIRIRA refer to the visa petitioner who must sign the Affidavit of Support as the "sponsor" and the beneficiary is the "sponsored immigrant."8 C.F.R. 213a.1. By executing the Affidavit of Support, the sponsor is obligated to maintain the sponsored immigrant at or above a financial level equal to 125% of the official federal poverty line. 8 U.S.C. 1183a(a)(1)(A). Both parties agree that the execution of the Affidavit of Support creates a contract between the sponsor and the United States government. Id. at 1183a(a)(1)(B).
 {¶ 16} Appellee makes several arguments in support of his contention that appellant may not enforce the Affidavit, and that the trial court is not the correct forum for its enforcement. First, appellee argues that only the United States Government may enforce the Affidavit of Support. Second, appellee argues that a condition precedent to enforcement is that appellant become eligible for a federal means-tested benefit. Third, appellee argues that appellant failed to file a separate cause of action to enforce the Affidavit of Support, and that appellant gave no notice in her pleadings that she was pursuing a cause of action to enforce the Affidavit of Support.
 {¶ 17} Appellant argues in response that the clear language of the IIRIRA and the Affidavit of Support gives the sponsored immigrant a cause of action to enforce the Affidavit of Support, and the sponsored immigrant may bring an enforcement action in either state or federal court. Appellant is correct.
 {¶ 18} A sponsored immigrant has independent standing to enforce the sponsor's obligation. The Affidavit of Support is "legally enforceable against the sponsor by the sponsoredalien, the Federal Government, any State * * *, or by any other entity that provides any means-tested public benefit * * *."8 U.S.C. 1183a(a)(1)(B). (Emphasis added.) The sponsored immigrant may also bring the action in any federal or state court. "* * * the sponsor agrees to submit to the jurisdiction of any federal or State court * * *" Id. at 1183a(a)(1)(C). The statute further provides, "An action to enforce an affidavit of support executed under subsection (a) may be brought against the sponsor in any appropriate court * * * by a sponsored alien, withrespect to financial support." Id. at 1183a(e)(1). (Emphasis added.)
 {¶ 19} Additionally, the regulations incorporate the instructions on INS Form I-864 as part of the regulations governing the Affidavit of Support. 8 C.F.R. 103.2(a). The instructions to INS Form I-864 state, "Divorce does not terminate the obligation." Further, statements in the Affidavit of Support to which a sponsor must agree give notice of the right of the sponsored immigrant to enforce and the sponsor's agreement to submit to the jurisdiction of any appropriate court. The Affidavit of Support states, "I understand that the sponsored immigrants * * * are entitled to sue me if I fail to meet my obligations under this affidavit of support * * *." It further states, "I acknowledge that section 213(A)(a)(1)(B) of the [IIRIRA] grants * * * the sponsored immigrant(s) * * * standing to sue me for failing to meet my obligations under this affidavit of support. * * *
 {¶ 20} I agree to submit to the personal jurisdiction of any court of the United States or of any State if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support." Therefore, appellant not only has continuing standing to enforce the obligation, but she does not have to enforce it in a federal court.
 {¶ 21} The trial court made only one conclusion of law with specific reference to the Affidavit of Support, in which it declined to take jurisdiction for its enforcement. This is incorrect as a matter of law, and reversal is warranted on that basis alone. Henry v. Henry (1952) 157 Ohio St. 319, paragraph one of the syllabus. The IIRIRA statute and regulations clearly give appellant standing to enforce the Affidavit of Support, and the Wood County Court of Common Pleas has jurisdiction to enforce it.
 {¶ 22} Appellee additionally argues that enforcement of the Affidavit of Support was not properly before the trial court because appellant failed to separately state it as a basis for relief. Appellee, in effect, argues that appellant failed to comply with Civ.R. 8(A) by not stating in her counterclaim that she would be asking the court to enforce the Affidavit of Support. Appellee is incorrect. It is also axiomatic that Ohio is a notice pleading state. Salamon v. Taft Broadcasting Co.
(1984), 16 Ohio App. 3d 336, 338. Appellant asked for "other relief as may be just and proper." The appellee has not provided the court with a reason for holding the appellant to a heightened pleading standard. York v. Ohio State Highway Patrol (1991),60 Ohio St. 3d 143, 145.
 {¶ 23} For the foregoing reasons, the trial court's order declining jurisdiction to enforce the Affidavit of Support is hereby reversed, and the cause remanded for further proceedings consistent with this decision and judgment entry. Costs to appellee pursuant to App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., concur.