DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John J. Davis, has filed a motion for a limited remand of this case to the trial court. Appellee has not filed a response. Appellant states that because there is no magistrate's decision in this case but only a judge's final judgment entry, he cannot appeal since he had no opportunity to file objections to the magistrate's decision.
 {¶ 2} In 2004, the parties obtained a legal separation and Mr. Davis was ordered to pay spousal support to Svetlana Davis, his wife. Mrs. Davis appealed on an issue related to spousal support. We reversed and remanded the case to the trial court ordering it to enforce a certain agreement regarding support. On remand, the magistrate held a hearing and stated her decision to increase the spousal support amount and duration and to have that amount withheld from the Ohio Public Employees Retirement System ("OPERS") and forwarded to the Ohio Department of Job and Family Services. Following this hearing, a judgment entry reflecting this decision was signed by the magistrate and the judge. It was filed and entered on the court's journal on January 3, 2006. OPERS filed a Civ.R. 60(B) motion to vacate the judgment stating that it had no funds payable to Mr. Davis. Mr. Davis filed this appeal.
 {¶ 3} In Loretta R.G. v. Michael O. (Mar. 8, 2001), 6th Dist. No. L-00-1333, this court outlined the proper procedure to be followed when a case is referred to a magistrate pursuant to Civ.R. 53.
 {¶ 4} "When a magistrate makes a decision, it is to be filed and served on the parties pursuant to Civ.R. 53(E)(1). Pursuant to Civ.R. 53(E)(4) (a-c), following a magistrate's decision, the judge may:
 {¶ 5} "1. Wait fourteen days and, if no objections are filed, adopt, reject or modify the magistrate's decision and enter judgment accordingly. (A valid entry of judgment is, for example, `The court adopts the magistrate's decision. Plaintiff's motion for change of custody is granted. Plaintiff is ordered to * * *. Defendant is ordered to * * *.') When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
 {¶ 6} "OR
 {¶ 7} "2. Wait fourteen days and if objections are filed, (a) rule on the objections, (b) adopt, reject or modify the magistrate's decision and (c) enter judgment accordingly. (A valid entry of judgment is, for example, `The objections to the magistrate's decision are denied. The court adopts the magistrate's decision. The court orders judgment for Plaintiff on the complaint in the amount of $250.') When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
 {¶ 8} "OR
 {¶ 9} "3. Before the fourteen-day objection period expires, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B). However, if timely objections are filed, execution of the court's judgment is stayed until the judge disposes of the objections and `vacates, modifies, or adheres to the [court's] judgment [adopting the magistrate's decision] previously entered.' Civ.R. 53(E)(4)(c).
 {¶ 10} "OR
 {¶ 11} "4. If the judge determines that immediate relief is justified, the judge may immediately make an interim order based on the magistrate's decision without waiting for objections to be filed. This interim order is valid for twenty-eight days and execution of the order is not stayed by the timely filing of objections. At the end of the twenty-eight days the judge may:
 {¶ 12} "a. extend the interim order for one more twenty-eight day period
 {¶ 13} "OR
 {¶ 14} "b. if no objections to the magistrate's decision are filed, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ .R. 58(B).
 {¶ 15} "OR
 {¶ 16} "c. if objections to the magistrate's decision are filed, the judge shall rule on the objections and adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B)." Id. at fn. 2.
 {¶ 17} In this case, no magistrate's decision was prepared, signed, and served on the parties. The parties were not given an opportunity to file objections to the magistrate's decision. There was no magistrate's decision for the judge to adopt. A judge cannot enter an order directly in a matter that was heard by a magistrate.
 {¶ 18} Further, we note that there is an outstanding Civ.R. 60(B) motion to vacate the order from which this appeal is taken. Pursuant to Howard v. Catholic Social Serv. of Cuyahoga Cty.,Inc. (1994), 70 Ohio St.3d 141 we find it is in the interest of judicial economy to remand this case to the trial court to rule on the pending Civ.R. 60(B) motion and to follow the procedures required by Civ.R. 53. This court remands this case to the Wood County Court of Common Pleas, Domestic Relations Division, for a period of 60 days from the date of this decision and judgment entry for the purpose of allowing that court to rule on the pending Civ.R. 60(B) motion and for the magistrate to issue a decision and allow the parties to file objections. If objections are filed, the judge shall address them and either adopt, reject, or modify the magistrate's decision and enter judgment accordingly. If no objections are filed, the judge shall adopt, reject, or modify the magistrate's decision and enter judgment accordingly. The clerk of the Wood County Court of Common Pleas, Domestic Relations Division, shall notify this court when the common pleas court judge rules on the Civ.R. 60(B) motion and signs an order adopting, rejecting or modifying the magistrate's decision and entering judgment. It is so ordered.
MOTION GRANTED.
Handwork, J., Singer, P.J., Skow, J. concur.