OPINION
{¶ 1} Defendant-appellant, Melinda Heyman ("appellant"), appeals from a judgment entry issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, which, in pertinent part, denied appellant's request for the payment of attorney fees in the divorce action filed by her former husband, plaintiff-appellee, Eric Heyman ("appellee"). For the following reasons, we affirm. *Page 2 
 {¶ 2} Appellee filed a complaint for divorce on December 5, 2001. Appellant subsequently filed a counterclaim for divorce. The matter proceeded to trial in September and October 2004, and the court issued its decision on April 28, 2005.
 {¶ 3} On appeal before this court, both parties challenged orders within the trial court's divorce decree. In Heyman v. Heyman, Franklin App. No. 05AP-475, 2006-Ohio-1345, this court affirmed in part and reversed in part. Relevant to our discussion here, this court agreed with appellant that the trial court had used the wrong statute in considering her request for attorney fees. In its April 28, 2005 decision, the trial court applied R.C. 3105.18(H). However, on April 27, 2005, a new statute, R.C. 3105.73 became effective. Finding that the legislature intended the new statute to apply retroactively to pending cases, this court concluded that the trial court erred by applying the former statute.
 {¶ 4} On remand, in pertinent part, the trial court issued "corrected findings of fact and conclusions of law" concerning appellant's request for attorney fees. Citing R.C. 3105.73, the trial court denied appellant's request.
 {¶ 5} In this appeal, appellant raises a single assignment of error:
 The trial court erred in failing to award attorney fees to [appellant].
 {¶ 6} A party seeking an award of fees in a divorce action bears the burden of proving the reasonableness of the fees sought. McCord v.McCord, Franklin App. No. 06AP-102, 2007-Ohio-164, at ¶ 14, citingSwanson v. Swanson (1976), 48 Ohio App.2d 85. Any subsequent award of attorney fees lies within the sound discretion of the trial court.Rand v. Rand (1985), 18 Ohio St.3d 356, 359. Therefore, we may reverse the trial court's decision only upon a showing that the court abused its discretion and acted *Page 3 
unreasonably, arbitrarily or unconscionably. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371.
 {¶ 7} Before the trial court, appellant requested full reimbursement for all of the attorney fees and costs she incurred throughout the entire matter. At the time of trial, appellant had incurred more than $30,000 in attorney fees, and she had borrowed money from her father to pay part of those fees. Here, appellant argues that the trial court abused its discretion by denying her request.
 {¶ 8} First, appellant argues that, despite citing to R.C. 3105.73, the trial court actually applied the factors from the old statute, R.C. 3105.18(H). We disagree.
 {¶ 9} R.C. 3105.73(A) provides, in pertinent part:
 In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.
 {¶ 10} In considering appellant's request, the trial court noted that the parties' few marital assets would be divided equally, and neither party would receive spousal support. The court rejected appellant's assertion that appellee unnecessarily prolonged the litigation, finding that appellee's actions were not unique in divorce cases. In particular, the court found no evidence that appellee acted frivolously or in bad faith.
 {¶ 11} Finally, the court considered the income disparity between the parties and that the disparity was due, in part, to appellant's lack of employment. In any event, "[r]egardless of the disparity in income," the court found that it was "without evidence *Page 4 
before it that [appellant] has, at any point, been prevented from fully litigating her case thus far."
 {¶ 12} The court concluded:
 After consideration of several relevant factors, including the fact that each party has incurred their own significant attorney's fees in the instant action, the Court finds that it would be inequitable to order [appellee] to pay any or all of [appellant's] attorney's fees. Therefore, [appellant's] request for attorney's fees is found to be not well taken and the same is hereby DENIED."
(Emphasis sic.)
 {¶ 13} We find no error in the court's analysis or conclusion on this issue. Just as R.C. 3105.73 requires, the court considered whether an award of fees to appellant would be equitable. The court considered the parties' marital assets and income and the conduct of the parties.
 {¶ 14} Appellee takes specific issue with the court's reference to appellant's ability to litigate her case fully. This reference, appellant argues, indicates that the court applied the old statute, R.C. 3105.18(H), which required a court to determine whether a fee award was appropriate based, in part, on whether either party would be prevented from fully litigating that party's rights. See Trott v. Trott (Mar. 14, 2002), Franklin App. No. 01AP-852.
 {¶ 15} To be sure, the new statute, R.C. 3105.73, does not contain an explicit instruction to the court to consider a party's ability to litigate his or her rights fully. See Berthelot v. Berthelot, Summit App. No. 22819, 2006-Ohio-1317, at ¶ 70. And this court has held that R.C. 3105.73 does not require a trial court to consider that ability in *Page 5 
determining fees. Sweeney v. Sweeney, Franklin App. No. 06AP-251,2006-Ohio-6988, at ¶ 32.
 {¶ 16} Nevertheless, R.C. 3105.73 reveals no legislative intent to preclude a trial court from considering a party's ability to litigate his or her rights fully. The statute allows a court to consider "any other relevant factors the court deems appropriate." Thus, while no longer required to consider a party's ability to litigate, a court may properly view that factor as relevant in a particular case and, within its discretion, consider it in determining whether an award of attorney fees would be equitable.
 {¶ 17} Here, the trial court considered appellant's ability to litigate her case fully as part of its consideration of the parties' disparate income and, ultimately, its determination of whether a fee award would be equitable. The trial court did not err in doing so, and we overrule appellant's assignment of error.
 {¶ 18} Having overruled the only assignment of error before us, we affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1