[Cite as *Davis v. Davis*, 2016-Ohio-1388.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

John J. Davis                                        Court of Appeals No. WD-15-028

      Appellee                                   Trial Court No. 01-DR-0188

v.

Svetlana A. Davis                                **DECISION AND JUDGMENT**

      Appellant                                  Decided:  March 31, 2016

* * * * *

Jeffrey P. Nunnari, for appellee.

Alan Kirshner, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, Svetlana A. Davis, appeals the February 13, 2015 judgment of the Wood County Court of Common Pleas, Domestic Relations Division, in favor of plaintiff-appellee, John J. Davis.  For the reasons that follow, we affirm.

## I. Background

{¶ 2} John and Svetlana Davis were married in Perrysburg, Ohio on December 28, 1999. Mr. Davis is a U.S. citizen; Mrs. Davis is Ukrainian. As required by the Immigration and Naturalization Act ("INA"), 8 U.S.C. 1101 et seq., Mr. Davis executed an affidavit of support, INS Form I-864, before Mrs. Davis entered the United States. The affidavit obligated Mr. Davis to guarantee support for Mrs. Davis at a level of no less than 125 percent of the Department of Health and Human Services Poverty Guidelines until such time as Mrs. Davis worked or could be credited with 40 qualifying quarters of coverage under the Social Security Act.

{¶ 3} On July 23, 2001, Mr. Davis filed a complaint for divorce in the Wood County Domestic Relations Court, which he later amended to a complaint for annulment and, alternatively, for divorce. Mrs. Davis counterclaimed for legal separation. The trial court ultimately denied Mr. Davis' complaint and granted Mrs. Davis' request for legal separation. Mr. Davis and Mrs. Davis remained married until 2012, when Mr. Davis obtained a divorce in another county on the grounds that they had lived separate and apart for over one year.

{¶ 4} In connection with the Wood County legal separation decree, the trial court awarded spousal support to Mrs. Davis of $830 per month, beginning August 1, 2003, and continuing for 24 months. The court found that Mr. Davis had significantly higher earnings than Mrs. Davis, and that Mrs. Davis had medical difficulties and a language barrier which precluded her from obtaining meaningful employment. The trial court also

2.

found that a larger support award was warranted because Mr. Davis was responsible for bringing Mrs. Davis to the United States, and had executed an affidavit of support obligating him to support her.

{¶ 5} Although the trial court apparently considered the affidavit of support in awarding spousal support, it refused to specifically enforce the affidavit. It ordered that "any specific suit or enforcement of the § 213(A) of the Illegal Immigration Reform and Immigrant Responsibility Act, a federal provision, be pursued in an appropriate federal court." Mrs. Davis appealed the trial court decision and, in *Davis v. Davis,* 6th Dist. Wood No. WD-04-020, 2004-Ohio-6892, 2004 WL 2924344, we reversed, concluding that Mrs. Davis had standing to enforce the affidavit and the Wood County Court of Common Pleas had jurisdiction to enforce it. *Id.* at ¶ 21. We remanded the case to the trial court.

{¶ 6} While the case remained pending in the trial court on remand, Mr. Davis filed an action in the U.S. District Court for the Northern District Court against both Mrs. Davis and the U.S. Bureau of Citizenship and Immigration Services relating to the affidavit of support. The district court dismissed the matter. *Davis v. U.S.*, N.D.Ohio No. 3:06CV0734 (July 28, 2006). Mr. Davis appealed to the Sixth Circuit Court of Appeals, and the Sixth Circuit affirmed the district court judgment, finding, inter alia, that what Mr. Davis "sought was federal review of a state court's order enforcing the Affidavit of Support in his divorce case." *Davis v. United States*, 499 F.3d 590 (6th Cir.2007).

3.

{¶ 7} In the remanded proceedings in Wood County, the trial court on January 3, 2006, issued a judgment awarding support to Mrs. Davis of $900 per month for the period of August 1, 2003, until August 13, 2013, at which time the award would be reviewed. The order specified that the award was modifiable on the motion of either party in accordance with the INA. Mr. Davis appealed to this court. Without reaching the merits, we remanded the case to the trial court for it to rule on a pending Civ.R. 60(B) motion, for the magistrate to issue a decision, and for the parties to file objections. *Davis v. Davis*, 6th Dist. Wood No. WD-06-011, 2006-Ohio-3384, ¶ 18.

{¶ 8} On remand, the magistrate issued a decision ordering support of $830 per month for the period of August 1, 2003, to August 1, 2013. Again, the judgment entry specified that the spousal support award would be subject to the continued jurisdiction of the common pleas court and would be modifiable, on the motion of either party, as to amount and duration.

{¶ 9} Again, Mr. Davis appealed. We dismissed the appeal as untimely. *Davis v. Davis*, 6th Dist. Wood No. WD-07-076 (Dec. 6, 2007). He then sought review by the Ohio Supreme Court, but the court declined jurisdiction. *Davis v. Davis*, 117 Ohio St.3d 1498, 2008-Ohio-2028, 885 N.E.2d 955.

{¶ 10} On March 3, 2008, Mr. Davis filed a motion to terminate spousal support on the grounds that applicable federal authority eliminated any further requirement to support Mrs. Davis because she had earned or was otherwise entitled to receive credit for 40 qualifying quarters of coverage as the phrase is used in the INA. Mr. Davis

4.

unilaterally stopped paying spousal support on April 21, 2008.  Mrs. Davis filed a motion to show cause, for lump sum judgment, and for attorney fees.  Included in the motion was a request for past-due spousal support in the amount of $25,341, and for attorney fees and expenses for "post-divorce" proceedings including appeals and other legal actions initiated by Mr. Davis in federal court.

{¶ 11} In an April 6, 2010 decision, the magistrate concluded that the obligation to support Mrs. Davis under the affidavit of support ceased by operation of law on August 31, 2005.  To simply summarize, it reached this conclusion based on its interpretation that in calculating "qualifying quarters of coverage" for purposes of the affidavit of support, both Mr. and Mrs. Davis' quarters must be added together.  It determined that Mr. and Mrs. Davis jointly reached 40 qualifying quarters as of August 31, 2005.  It denied Mrs. Davis' motion to show cause and for lump sum judgment.  The trial court adopted the magistrate's decision in a judgment dated December 14, 2010.  Mrs. Davis appealed and we affirmed.  *Davis v. Davis*, 2012-Ohio-2088, 970 N.E.2d 1151 (6th Dist.).  We held that the trial court properly calculated the date on which 40 qualifying quarters were attained.  *Id.* at ¶ 26.

{¶ 12} Mrs. Davis moved for reconsideration of her sixth assignment of error, which pertained to the trial court's failure to award attorney's fees.  She argued that the trial court had not ruled on her request for attorney fees with respect to a number of post-trial proceedings.  We granted Mrs. Davis' motion because we realized that we had construed her sixth assignment of error too narrowly.  We remanded the matter to the trial

5.

court for a determination on Mrs. Davis' motion for attorney fees with respect to the following proceedings:

(1) Mrs. Davis' successful appeal of the trial court's January 29, 2004 judgment. *Davis*, 6th Dist. Wood No. WD-04-020, 2004-Ohio-6892.

(2) The trial court proceedings that followed our reversal and remand of case No. WD-04-020.

(3) Mr. Davis' unsuccessful appeal of the trial court's January 3, 2006 judgment. *Davis*, 6th Dist. Wood No. WD-06-011, 2006-Ohio-3384.

(4) Mr. Davis' unsuccessful action filed against Mrs. Davis and the U.S. Bureau of Citizenship and Immigration Services in the U.S. District Court for the Northern District of Ohio. *Davis v. U.S.*, N.D.Ohio No. 3:06CV0734 (July 28, 2006).

(5) Mr. Davis' unsuccessful appeal to the Sixth Circuit from the district court's July 28, 2006 decision. *Davis v. U.S.*, 499 F.3d 590, 595 (6th Cir.2007).

(6) Mr. Davis' untimely appeal of the trial court's October 18, 2007 judgment. *Davis*, 6th Dist. Wood No. WD-07-076 (Dec. 6, 2007).

(7) Mr. Davis' unsuccessful appeal to the Ohio Supreme Court of our December 6, 2007 judgment. *Davis*, 117 Ohio St.3d 1498, 2008-Ohio-2028, 885 N.E.2d 955.

6.

{¶ 13} The fees requested were incurred during the period of February 2004 to March 13, 2008, and totaled $20,240. Mrs. Davis also requested expenses of $850.30 in connection with the Sixth Circuit appeal.

{¶ 14} In a judgment entry dated February 13, 2015, the trial court adopted the November 15, 2013 decision of the magistrate which, in a 20-page opinion, denied Mrs. Davis' motion for fees. Mrs. Davis timely appealed from the trial court judgment and assigns the following errors for our review:

Assignment of Error No. 1:

The trial court erred in finding *Moore v. Moore*, 175 Ohio App.3d 1, (6th Dist. 2008) authorized the denial of attorney fees to an indigent spouse who otherwise could not afford representation.

Assignment of Error No. 2:

The trial court erred in not recognizing the federal court action filed by Mr. Davis against Mrs. Davis and the United States arouse out of the domestic relations case.

## II. Law and Analysis

{¶ 15} R.C. 3105.73 governs the award of attorney's fees and litigation expenses in domestic relations cases. It went into effect in April of 2005. Before April of 2005, requests for attorney's fees were evaluated under R.C. 3105.18(H). Although some of the fees Mrs. Davis seeks were incurred before April of 2005, the trial court determined R.C. 3105.73 to be applicable. The parties do not dispute the applicability of R.C.

3105.73, and we agree that Mrs. Davis' request was appropriately considered under that statute.

{¶ 16} The former statute, R.C. 3105.18(H), provided that:

In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. *When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.* (Emphasis added.)

{¶ 17} Thus, "[u]nder R.C. 3105.18(H), in order for a trial court to award attorney fees to a party under R.C. 3105.18(H), it had to find: (1) the other party has the ability to pay the fees; (2) the party seeking fees needs them to fully litigate his/her rights and adequately protect his/her interests; and (3) the fees requested are reasonable." *Karales v. Karales*, 10th Dist. Franklin No. 05AP-856, 2006-Ohio-2963, ¶ 23, citing *Tonti v. Tonti*, 10th Dist. Franklin No. 03AP-494, 2004-Ohio-2529.

8.

**{¶ 18}** But R.C. 3105.73 now provides, in pertinent part:

(A) In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. *In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.*

(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. *In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.*

\* \* \* (Emphasis added.)

**{¶ 19}** The statute provides some factors that the court *may* consider in determining whether an award is equitable. But unlike R.C. 3105.18(H), "R.C. 3105.73(A) does not specifically require the trial court to consider the parties' abilities to pay attorney fees." *Shetler v. Shetler*, 5th Dist. Stark No. 2008CA00036, 2009-Ohio-

1581, ¶ 170. "It also does not contain an explicit instruction to the court to consider a party's ability to litigate his or her rights fully." *Heyman v. Heyman*, 10th Dist. Franklin No. 06AP-1070, 2007-Ohio-2241, ¶ 15.

{¶ 20} In this case, the trial court considered Mrs. Davis' request using the following factors set forth in Wood County Rules of Practice 6.03(B)(2)(b):

Testimony as to whether the case was complicated by any or all of the following:

i. New or difficult issues of law;

ii. Difficulty in ascertaining or valuing the parties' assets;

iii. Problems with completing discovery;

iv. Any other factor necessitating extra time being spent on the case.

{¶ 21} It also considered a number of other factors devised by Ohio courts: the party's compliance with court orders, evidence of financial misconduct or misrepresentations, the filing of excessive or unnecessary motions, lack of cooperation in the litigation process, whether the division of property was equal or disparate, the disparity of incomes, the presence and compliance with temporary support orders, and the financial impact of the divorce on both parties.

{¶ 22} After summarizing the issues raised in the various proceedings for which Mrs. Davis sought fees, and considering the outcomes of those proceedings and of the case generally, the trial court concluded that it would not be equitable to require Mr. Davis to reimburse Mrs. Davis for attorney's fees and litigation expenses. It reasoned

10.

that (1) Mr. Davis had already been ordered to pay Mrs. Davis considerable attorney's fees for the initial trial phase of the litigation; (2) the matters litigated were novel; (3) Mr. Davis did not act in bad faith in pursuing the support issues; (4) Mr. Davis' claims were not frivolous and were not asserted purely to delay the imposition of the support orders; (5) Mr. Davis ultimately paid more support than what was determined by the court to be owed; (6) the uncommon facts of the case (i.e., legal separation versus divorce in the context of an affidavit of support) were responsible for the length of time that the support issues were litigated; (7) Mrs. Davis offered no authority to support her contention that R.C. 3105.73 permits the award of fees for the federal action; (8) the fee request could have been made earlier; and (9) income levels and ability to pay fees are no longer the standard to be employed in considering a request for fees. The court cited our decision in *Moore v. Moore,* 175 Ohio App.3d 1, 2008-Ohio-255, 884 N.E.2d 1113, ¶ 81-82 (6th Dist.), in support of its final rationale.

{¶ 23} In her first assignment of error, Mrs. Davis claims that the trial court's decision was in error because it misinterpreted *Moore.* She insists that *Moore* "did not contract, but expanded the scope of awards" to allow for the award of fees to litigants who may not have financial need. Mrs. Davis contends that attorney's fees remain available to an indigent spouse who could not otherwise afford representation and that it is an abuse of discretion to deny fees to an indigent spouse. In her second assignment of error, she claims that the federal action arose out of the domestic relations case, thus fees incurred in defending that action could properly be awarded under R.C. 3105.73(B).

11.

{¶ 24} We review a trial court's decision to award or deny attorney's fees under an abuse-of-discretion standard. *Moore* at ¶ 81. An abuse of discretion is more than a mere error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 25} With respect to Mrs. Davis' first assignment of error, it is clear that a party's income is *one* factor that the court *may* consider. A trial court is not, however, *required* to consider income. The court engaged in a thoughtful analysis of Mrs. Davis' request for fees, and explained in detail its reasons for denying her request. The trial court did not abuse its discretion simply because it failed to consider the parties' abilities to pay or because it declined to find that factor to be determinative. *Shetler*, 5th Dist. Stark No. 2008CA00036, 2009-Ohio-1581, at ¶ 170.

{¶ 26} We find Mrs. Davis' first assignment of error not well-taken.

{¶ 27} In her second assignment of error, Mrs. Davis claims that it was error for the trial court not to recognize that the federal court action arose out of the domestic relations case, thereby rendering it appropriate under R.C. 3105.73(B) to award fees incurred in defending that action. She cited no cases in support of her argument in her motion for fees, in her objections to the magistrate's decision, or in her appeal brief; however, we are aware of several Ohio cases addressing similar issues.

{¶ 28} In *McEnery v. McEnery*, 10th Dist. Franklin No. 00AP-69, 2000 WL 1863370, *3-4 (Dec. 21, 2000), the Tenth District observed that R.C. 3105.18(H) (the

12.

former attorney's fee statute) provided authority for the trial court to award to the appellee wife the attorney's fees she incurred (1) in defending a foreclosure action resulting from her former husband's failure to pay their mortgage as ordered in the divorce decree, and (2) in defending against her former husband's bankruptcy action in federal court.

{¶ 29} In *Thomas v. Thomas*, 8th Dist. Cuyahoga No. 76586, 2000 WL 1474446, *6 (Oct. 5, 2000), the Eighth District held that the trial court properly awarded attorney fees to the appellee wife for fees incurred in defending a foreclosure action where her former husband failed to pay the mortgage as required by the order of the domestic relations court.

{¶ 30} But in *Cichanowicz v. Cichanowicz*, 3d Dist. Crawford No. 3-13-05, 2013-Ohio-5657, ¶ 109-110, the Third District held that R.C. 3105.73(B) did not permit the trial court to award fees incurred by the appellant husband in defending against his former wife's attempt in bankruptcy court to discharge her obligation to pay attorney fees that were previously awarded to him by the domestic relations court.

{¶ 31} The sum of this is that there is support going both ways on the issue. However, Mrs. Davis failed to bring any of these cases to the court's attention, and even if she had, the trial court cited other reasons in support of its decision to deny fees. We would also add that merely because the trial court was arguably authorized to award fees, it was not obligated to do so. As we previously recognized, the court issued a lengthy,

thoughtful opinion setting forth the reasons for its decision.  We find no abuse of discretion in its denial of Mrs. Davis' motion.

{¶ 32} We find Mrs. Davis' second assignment of error not well-taken.

### III.  Conclusion

{¶ 33} For the foregoing reasons, we find Mrs. Davis' assignments of error not well-taken and we affirm the February 13, 2015 judgment of the Wood County Court of Common Pleas, Domestic Relations Division.  Costs are assessed to Mrs. Davis under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.