[Cite as *Coomes v. Coomes*, 2020-Ohio-3839.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JOHN COOMES, | : | |
| Appellant, | : | CASE NO. CA2019-10-076 |
| | : | O P I N I O N |
| - vs - | | 7/27/2020 |
| | : | |
| JENNIFER COOMES, | : | |
| Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2015 DRB 01089

John J. Coomes, 4934 Ford Street, Suite 201, Speedway, Indiana 46224, pro se

Zachary D. Smith, 895 Central Avenue, Suite 305, Cincinnati, Ohio 45202, for appellee

**RINGLAND, J.**

{¶1}    Appellant, John Coomes ("Husband"), appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, awarding attorney fees and costs to appellee, Jennifer Coomes ("Wife").  For the reasons outlined below, we affirm the decision of the trial court.

{¶2}    On December 14, 2016, Husband and Wife were divorced.  In November

2017, Husband moved the trial court to modify spousal support. Thereafter, in December 2017, Wife also moved the trial court to modify spousal support. In response, Husband moved the trial court to dismiss Wife's motion to modify spousal support. In his motion, Husband argued he was unable to form any response to Wife's motion, as it failed to allege any change of circumstance and therefore, should be dismissed.

{¶3} In April 2018, Wife moved the trial court to compel Husband to respond to the request for admissions Wife propounded upon Husband on February 23, 2018. According to Wife, the request for admissions asked Husband to authenticate his 2016 tax return and a mortgage application he submitted in 2016, to which Husband responded were irrelevant to the subject matter at hand. In response, Husband filed three motions with the trial court, including a motion to stay Wife's motion to compel; a motion to limit Wife's discovery; and a combined motion in opposition to Wife's motion to compel and to dismiss Wife's motion to compel. After a hearing regarding the motions, the motion to compel, motion to stay, and motion to limit discovery were dismissed as moot "because [Wife] [wa]s not seeking any further discovery from [Husband]."

{¶4} Thereafter, the trial court held a hearing regarding Husband's motion to dismiss. Ultimately, the trial court denied Husband's motion, and found that Wife's filing, the motion to modify spousal support, was not a pleading to which a responsive pleading was permitted. The court continued, and indicated that even if a responsive pleading was permissible, Husband was permitted to move the court for a more definite statement pursuant to Civ.R. 12(E), not move to dismiss Wife's motion. As a result, the trial court found that Husband's motion to dismiss was not a proper method for addressing an allegedly defective pleading and denied the motion accordingly.

{¶5} On July 9, 2018, Wife moved the trial court for an order granting her attorney fees and costs in connection with the post-decree litigation. One basis for the motion was

Husband's conduct during the litigation. Husband also moved the trial court for an order for defense counsel to pay his duplicated costs in the amount of $477.10.

{¶6} In September 2018, after a hearing, the trial court denied Husband's motion to modify spousal support and granted Wife's motion to modify spousal support. Shortly thereafter, a hearing was held regarding the motion for attorney fees and costs. At the hearing, Wife's attorney and Husband both testified. Subsequently, the magistrate issued a decision granting Wife's motion for attorney fees, and ordered Husband to pay $5,852.10. Husband objected to the magistrate's decision, arguing that the magistrate erred in awarding attorney fees and costs to Wife. After reviewing the transcript, exhibits, and the magistrate's decision, the trial court sustained Husband's objections in part, finding that $567.00 of the fees should have been excluded from the attorney fee calculation. The trial court overruled Husband's objections in all other respects, and ordered Husband to pay Wife's attorney fees in the amount of $5,285.10.

{¶7} Husband now appeals, raising a single assignment of error for our review.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING PLAINTIFF APPELLANT TO PAY DEFENDANT APPELLEE $5285.10 IN ATTORNEY FEES AND COSTS.

{¶10} Husband argues the trial court abused its discretion in awarding Wife $5,285.10 in attorney fees and costs. Specifically, Husband claims the award was inequitable for three reasons: (1) The trial court only considered Husband's income, which was inflated; (2) Husband did not engage in any misconduct throughout the case; and (3) Wife's counsel could not clearly indicate what services the fees were for.

{¶11} Pursuant to R.C. 3105.73(B), "[i]n any post-decree motion or proceeding that arises out of an action for divorce," a trial court "may award all or part of reasonable

- 3 -

attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether such an award is equitable, the trial court "may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

{¶12} An award of attorney fees is within the sound discretion of the trial court. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 28. A trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Id.* An abuse of discretion is more than an error of law; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} Here, the trial court concluded that an award to Wife of $5,285.10 in attorney fees and costs was fair and equitable. In awarding Wife a portion of her attorney fees and costs related to the post-decree litigation, the trial court found that Husband had "engaged in conduct that resulted in the accrual of avoidable attorney fees * * * and that [Husband] ha[d] the ability to pay these fees and costs."

{¶14} After a review of the record, we find the trial court did not abuse its discretion in awarding Wife a portion of her attorney fees and costs. Husband first argues the trial court abused its discretion in awarding the fees and costs without analyzing Wife's income. Husband claims the exclusion of Wife's income from the court's analysis was arbitrary, and therefore, did not lead to an equitable decision. However, while R.C. 3105.73(B) states the court may consider the parties' income, the statute does not require the trial court to consider either party's income. Therefore, contrary to Husband's argument, an award of attorney fees can be equitable without any consideration of the parties' income at all. *See e.g., Davis v. Davis*, 6th Dist. Wood No. WD-15-028, 2016-Ohio-1388, ¶ 25. As such, the trial court was permitted to consider Husband's income and was not required by the statute

to consider Wife's. Consequently, we find the trial court did not abuse its discretion simply because it did not make a specific finding regarding Wife's income but elected to consider Husband's ability to pay. *See Padgett v. Padgett*, 10th Dist. Franklin No. 08AP-269, 2008-Ohio-6815, ¶ 13 (indicating R.C. 3105.73[B] allows, but does not require, a finding regarding a party's income when considering attorney fees).

{¶15} Husband also argues the trial court relied upon inappropriate documents in establishing his income, as the trial court "insisted" upon utilizing his 2016 tax return. According to Husband, "all parties agreed that the [2016 tax return] did not accurately reflect the income of" Husband. We disagree. The record reflects the trial court and magistrate took judicial notice of the findings and conclusions in the magistrate's September 18, 2018 decision on the motions to modify spousal support.[1] In that decision, the magistrate found that the best evidence of Husband's income for 2016 was the income set forth on the "purported 2016 federal income tax return" that Husband submitted to a mortgage lender. That document, identified as State's Exhibit I, indicates Husband's adjusted gross income in 2016 was $153,546. According to the magistrate's September 2018 decision, Husband testified at the hearing that his income on the 2016 tax return was inflated and that he was "coached" by the mortgage lender to submit the return with inflated income in order to obtain the mortgage loan. Despite the alleged inaccuracies, Husband did not file any additional income tax returns in 2016 or 2017 or offer any alternative verifiable evidence of his income for 2016 in addition to his testimony. The magistrate found that Husband's testimony regarding his income was not credible and was not supported by the evidence. The magistrate further concluded that Husband was capable of earning at least the same

---

1. We note that although Husband provided on appeal the exhibits from the July 17, 2018 hearing on the motions to modify spousal support, he did not provide a transcript of that hearing. As a result, we presume the validity of the lower court's proceedings. *Holmes v. Grove*, 12th Dist. Butler No. CA2016-04-075, 2017-Ohio-55, ¶ 20.

income in July 2018, the date of the hearing on the parties' motions to modify spousal support.

{¶16} Although Husband claims the 2016 tax return is not an accurate reflection of his income, the record reflects Husband himself signed and submitted the tax return in 2016. In signing the tax return, Husband declared, under penalty of perjury, that he had examined the return and statements, and "to the best of [his] knowledge and belief, they are true, correct, and accurately list all amounts and sources of income [he] received during the tax year." While husband argued at the hearing, and now on appeal, that the parties agreed the 2016 tax return was not accurate, we find no evidence of such an agreement in the record before us. Rather, the record on appeal clearly indicates the magistrate determined that Husband's testimony regarding his income was not credible, and concluded that he was able to earn the same income in July 2018, only three months prior to the magistrate's decision regarding Wife's motion for attorney fees. Furthermore, because Husband failed to provide Wife or the court with verifiable information regarding a change in his income since 2016, the trial court did not err in relying upon the verified tax return to determine Husband's income in 2018. As a result, because Husband neglected to provide any credible information regarding his income by the time of the hearing on Wife's motion for attorney fees, we find no error in the trial court's determination that Husband's 2016 tax return remained the best evidence for determining his income in October 2018.

{¶17} We also reject Husband's argument that the fees and costs should not have been awarded because he did not engage in misconduct throughout the case. At the hearing, Wife's counsel testified that Husband's conduct throughout the case had resulted in unnecessary fees. For example, Wife's counsel indicated there were increased challenges related to proving whether Husband was cohabitating in Indiana with his girlfriend. According to counsel, Husband and his girlfriend were living together in the same

home and she was receiving mail at that address. Counsel indicated the information related to the couple's cohabitation could have easily been obtained by a phone call, however, Husband would not facilitate any communication between counsel and Husband's girlfriend. As a result, counsel attempted to prove cohabitation by issuing a subpoena to Husband's girlfriend, which she ignored. At that point, counsel was required to obtain local counsel in Indiana in order to open a case and force compliance with the subpoena. After opening the case, counsel attempted to personally serve Husband's girlfriend at Husband's residence, however, Husband "thwarted" counsel's efforts. Counsel further testified Husband refused to facilitate the acquisition of any information, despite admitting he lived with his girlfriend at that time.

{¶18} In addition to Husband's lack of cooperation in obtaining information from his girlfriend, Wife's counsel testified Husband refused to provide information related to his income, which was requested through discovery. According to counsel, it was difficult to determine Husband's income given his practice to use one account for all personal business and non-for-profit expenses, as well as his failure to file a recent tax return. This was compounded by Husband's refusal to identify certain documents related to his income and to provide documents he tendered in pursuit of a mortgage he had acquired on his property in Indiana. Counsel was forced to subpoena the mortgage company in order to obtain the documents, which included the "coached" income tax return for 2016. Ultimately, counsel prepared and filed a motion to compel and attended a hearing regarding the matter in order to obtain certain discovery documents from Husband.

{¶19} Wife's counsel further indicated he spent significant time addressing Husband's motion to dismiss, which was summarily denied on procedural grounds after the parties appeared in court.

{¶20} The trial court discussed the above conduct before concluding the attorney

fee award was equitable. In its entry, the trial court found that Husband refused to provide relevant and discoverable information, which necessitated Wife's counsel to expend additional time and money on the case. The trial court specifically noted that because Husband refused to answer whether he was cohabitating with his girlfriend, Wife's counsel was forced to obtain counsel in Indiana, which could have been avoided if Husband had cooperated. The trial court also found that Husband's motion to dismiss was not a proper motion, as Wife's motion was not a pleading to which a responsive pleading was permitted. Thus, the trial court indicated that because the motion was improperly filed, Wife's counsel was required to accumulate unnecessary additional fees for Wife in responding to Husband's motion and attending the hearing. In light of the above, the trial court concluded Husband had engaged in conduct that resulted in the accrual of avoidable attorney fees and costs for Wife, over $2,000 of which was attributed to obtaining discovery information from Husband's girlfriend.

{¶21} After a thorough review of the record, we find no abuse of discretion in the trial court's consideration of Husband's conduct throughout the case in deciding to award Wife attorney fees and costs. Husband initially argues that the trial court abused its discretion because none of the above acts can be labeled as "misconduct;" however, we find his argument unpersuasive. While the conduct of the parties is a factor the court may consider under R.C. 3105.73(B), Husband's lack of misconduct specifically does not preclude Wife from obtaining a fee award if the trial court finds the award is equitable. *Grover v. Dourson*, 12th Dist. Preble No. CA2018-07-007, 2019-Ohio-2495, ¶ 69.

{¶22} We are also unpersuaded by Husband's claim that the trial court shifted the burden of discovery with regard to the subpoena issued to his girlfriend. As the trial court noted, the record reflects Wife's counsel could have incurred significantly less fees if Husband had facilitated the exchange of information between his girlfriend and Wife's

counsel. Instead, Husband interfered with counsel's access to information, which required the expenditure of additional fees in obtaining Indiana counsel to prove the issue of cohabitation. Furthermore, while Husband claims he readily admitted to living with his girlfriend, the record indicates he was not cooperative in providing any additional information related to the couple's cohabitation, including their joint expenses. In general, the evidence in the record demonstrates Husband knew the efforts Wife's counsel was forced to take in order to obtain the information, including obtaining Indiana counsel and requesting out of state hearings, in addition to filing an application to enforce and two motions to show cause. Nevertheless, Husband continuously refused to assist in the exchange of information with Wife's counsel, despite having the ability to do so. Consequently, the record supports the finding that Husband's conduct produced avoidable fees for Wife.

{¶23} We further find no abuse of discretion in the trial court's characterization and consideration of Husband's motion to dismiss. Specifically, as the trial court noted, the motion to dismiss was an inappropriate and improper response to Wife's motion to modify spousal support. While Husband argues he filed the pleading in good faith, the Ohio Rules of Civil Procedure clearly indicate Husband should have filed a motion for a more definite statement if he felt Wife's motion was so vague and ambiguous that he could not form a response. Moreover, due to Husband's status as a licensed attorney in Ohio, he should have been aware that a motion to dismiss was the incorrect response in this circumstance. As such, we agree with the trial court that Wife incurred unnecessary and avoidable fees in responding to Husband's motion to dismiss, as well as attending a hearing on the matter.

{¶24} Lastly, Husband claims Wife's counsel had "a great deal" of difficulty categorizing the expenses he requested. However, the record reflects Husband questioned Wife's counsel extensively regarding the fees expended in this case. Counsel responded

to each of Husband's questions and, aside from $567.00 of fees which were inadvertently included, adequately described and categorized the expenses. Wife's counsel provided a breakdown of the fees and expenses associated with his representation of Wife, and identified the specific fees which he felt were wasteful and could have been avoided. The record indicates the trial court carefully considered the facts and circumstances of the case, and determined those identified fees were reasonable. Thus, despite Husband's claims to the contrary, we find Wife's counsel adequately identified and explained the relevant fees at the hearing.

{¶25} Based on our review of the record, the trial court's findings and decision are not unreasonable, arbitrary, or unconscionable. As such, when considering the facts and circumstances of this case, we find the award of attorney fees was not an abuse of discretion. Therefore, finding no merit to Husband's claims, we overrule his assignment of error.

{¶26} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.